CLEVELAND BAR ASSOCIATION *v.* KATES.

[Cite as *Cleveland Bar Assn. v. Kates* (1997), 78 Ohio St.3d 69.]

(No. 96–2373—Submitted December 11, 1996—Decided March 26, 1997.)

70

*Elmer G. Cowan* and *Robert C. Tucker,* for relator.

*Robert A. Kates, pro se.*

*Per Curiam.* We adopt the board's factual findings and conclude that by failing to pursue the action he filed for the Kerekis, respondent neglected a legal matter entrusted to him. For that neglect respondent deserves a public reprimand. However, we disagree with the board and do not find it clear and convincing that respondent violated DR 6–102 (attempting to exonerate himself from or limit his liability to his client for his personal malpractice) when, as a part of the settlement of the Kerekis' malpractice action, he attempted to insulate himself from a disciplinary proceeding. Disciplinary proceedings are not actions for malpractice. Respondent's actions may have violated DR 1–102(A)(2) (cir-

cumvent a Disciplinary Rule through actions of another), but respondent was not charged with such a violation.

Costs taxed to respondent.

*Judgment accordingly.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

MOYER, C.J., and COOK, J., dissent.

COOK, J., dissenting.  Because respondent failed to advise the Kerekis that their case had been dismissed, lied when they confronted him, and even when challenged as to the truthfulness of his assertion conceded only that it was "possible" that the case had been dismissed, he should be actually suspended from the practice of law.  See *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237.

MOYER, C.J., concurs in the foregoing dissenting opinion.