**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 69.]**

CLEVELAND BAR ASSOCIATION *v.* KATES.

[Cite as *Cleveland Bar Assn. v. Kates*, 1997-Ohio-236.]

*Attorneys at law—Misconduct—Public reprimand—Neglect of an entrusted legal matter.*

(No. 96-2373—Submitted December 11, 1996—Decided March 26, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-30.

————————————

{¶ 1} On June 21, 1993 the Cleveland Bar Association, relator, charged Robert A. Kates, last known address in Philadelphia, Pennsylvania, Attorney Registration No. 0017287, respondent, in one count with violation of DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(3) (neglecting a legal matter entrusted to him), and 7-101(A)(2) (intentionally failing to carry out a contract of employment entered into with a client), and in another count with violation of DR 6-102 (attempting to exonerate himself from or limit his liability to his client for his personal malpractice). After the respondent filed an answer asserting affirmative defenses, relator and respondent entered into a stipulation in which respondent agreed that he had violated DR 6-101(A)(3) and 6-102, and relator agreed to withdraw the allegations that respondent's conduct had violated 1-102(A)(4) and 7-101(A)(2). Both parties agreed to a sanction of public reprimand, and waived a formal hearing.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that, as stipulated, in March 1986 respondent was retained by Judith Anne Crunelle Kereki and Albert Kereki to handle a personal injury claim against Dwayne Snyder and Ganley Dodge and, subsequently, to handle a personal injury claim against Richard Self and Eileen Beerck. In March

1988, respondent filed suit in common pleas court against Snyder, Ganley Dodge, Self and Beerck. During the following months, respondent failed to answer interrogatories or produce documents, and failed to respond to motions to compel answers and production. Beerck obtained a summary judgment against the Kerekis, and the actions against Self, Snyder, and Ganley Dodge were dismissed. In December 1990, the Kerekis discovered their case had been dismissed. When contacted by the Kerekis, respondent said that the case was still pending; then, when confronted with the facts, said it was "possible" that the case had been dismissed. The Kerekis' motion to vacate the orders of dismissal was denied, and the denial was affirmed on appeal.

{¶ 3} After the Kerekis sued respondent for malpractice in December 1991, respondent attempted to insert into a proposed settlement agreement a clause that the Kerekis would "dismiss and not further prosecute any complaints made to the Cleveland Bar Association or any other such body." Although the settlement agreement was not signed, the malpractice suit was settled in January 1992 for $5,000, and the case was dismissed.

{¶ 4} The panel found that respondent had violated DR 6-101(A)(3) and 6-102(A). Because respondent had relocated to Philadelphia, Pennsylvania, and had expressed his intention not to practice law in Ohio, the panel recommended that respondent receive a public reprimand. The board adopted the panel's findings, conclusions, and recommendation.

―――――――――――

*Elmer G. Cowan* and *Robert C. Tucker*, for relator.
*Robert A. Kates, pro se*.

―――――――――――

*Per Curiam*.

{¶ 5} We adopt the board's factual findings and conclude that by failing to pursue the action he filed for the Kerekis, respondent neglected a legal matter entrusted to him. For that neglect respondent deserves a public reprimand. However, we disagree with the board and do not find it clear and convincing that respondent violated DR 6-102 (attempting to exonerate himself from or limit his liability to his client for his personal malpractice) when, as a part of the settlement of the Kerekis' malpractice action, he attempted to insulate himself from a disciplinary proceeding. Disciplinary proceedings are not actions for malpractice. Respondent's actions may have violated DR 1-102(A)(2) (circumvent a Disciplinary Rule through actions of another), but respondent was not charged with such a violation.

{¶ 6} Costs taxed to respondent.

*Judgment accordingly.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 7} Because respondent failed to advise the Kerekis that their case had been dismissed, lied when they confronted him, and even when challenged as to the truthfulness of his assertion conceded only that it was "possible" that the case had been dismissed, he should be actually suspended from the practice of law. See *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————