[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 351.]

OFFICE OF DISCIPLINARY COUNSEL V. CICERO.

[Cite as Disciplinary Counsel v. Cicero, 1997-Ohio-207.]

*Attorneys at law—Misconduct—One-year suspension—Engaging in conduct prejudicial to the administration of justice—Failing to maintain a respectful attitude toward the courts.*

(No. 96-1432—Submitted January 7, 1997—Decided May 14, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-81.

_____

{¶ 1} On December 5, 1994, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Christopher Thomas Cicero of Columbus, Ohio, Attorney Registration No. 0039882, with violating several Disciplinary Rules in two separate counts: one count relating to his relationship in 1993 with a judge of the common pleas court and the second count relating to his representation of a criminal defendant during 1991-1992. After respondent filed an answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on September 11 and 12, 1995, and later at a reopened hearing on February 8, 1996 at relator's request.

{¶ 2} The hearing evidence established that in October 1993, common pleas judge Deborah O'Neill appointed respondent to represent a criminal defendant in a case pending before her. Judge O'Neill's involvement in that case ended when, at the suggestion of the prosecuting attorney and respondent, the judge recused herself on December 17, 1993. Respondent tried the case to its conclusion.

{¶ 3} During the period that the case was pending before Judge O'Neill, respondent led several members of the bar, including the opposing assistant prosecuting attorney, to believe that respondent had an ongoing sexual relationship

with the judge. At one point, respondent indicated to the prosecutor that the judge would probably deny a continuance because of her desire to get the case resolved so that she could engage respondent in sex over the Christmas holidays. This incident illustrates respondent's impropriety in the manner that he represented his relationship with Judge O'Neill before and after she recused herself from the case. The evidence additionally suggests that respondent's client became aware of respondent's boasting and informed other inmates that they should retain respondent.

{¶ 4} Respondent acknowledges making exaggerated statements relating to his level of intimacy with the judge during the time she presided over his case. Respondent testified at the hearing that, although he had previously developed romantic feelings toward the judge, a sexual relationship did not develop until she had recused herself from the case.

{¶ 5} At the February 8, 1996 reopened hearing, Norma Mitchell testified that prior to January 1994, both respondent and the judge had confided in her that they were involved in a sexual relationship. Mitchell's testimony was introduced for the purpose of demonstrating that respondent had violated DR 1-102(A)(4) by lying about the timing of his relationship with the judge during investigations of the case, his deposition, and the disciplinary hearings.

{¶ 6} On count one, the panel concluded that respondent's actions violated DR 1-102(A)(5)(engaging in conduct that is prejudicial to the administration of justice) and Gov.Bar R. IV (2) (duty of a lawyer to maintain a respectful attitude toward the courts). Finding that Disciplinary Counsel failed to file an amended complaint regarding the alleged DR 1-102(A)(4) violation, the panel did not issue a ruling on that issue. The panel concluded that Disciplinary Counsel failed to carry its burden of providing clear and convincing evidence of a violation of the remaining allegations under count one and all of count two.

{¶ **7**} In light of its findings, the panel recommended that respondent be suspended from the practice of law for one year with six months of the suspension stayed. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ **8**} In response to an order to show cause issued by this court, relator filed objections to the report and recommendations of the board, and respondent filed an answering brief.

———————————

*Geoffrey Stern*, Disciplinary Counsel, *Alvin E. Mathews* and *Sally Ann Steuk*, Assistant Disciplinary Counsel; and *Samuel B. Weiner*, for relator.

*Andrew W. Cecil, Karl H. Schneider* and *Lewis W. Dye,* for respondent.

———————————

*Per Curiam.*

{¶ **9**} Relator objects to the board's report in two significant respects. Relator's first objection is that the board erred in finding that the relator did not file an amended complaint adding a DR 1-102(A)(4) violation to count one. Relator's next objection is that the board erred in failing to find a DR 9-101(C) violation under the facts presented at the hearings. Because of a lack of clear and convincing evidence to support either violation, we overrule both the relator's objections.

{¶ **10**} We adopt the findings of fact and conclusions of law of the board, but impose a more stringent sanction of a one-year suspension from the practice of law based on the gravity of respondent's disciplinary violations. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., COOK and GLASSER, JJ., concur.

RESNICK, J., concurs in judgment only.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., dissent and would adopt the recommendations of the panel and the board.

GEORGE M. GLASSER, J., of the Sixth Appellate District, sitting for LUNDBERG STRATTON, J.

_____