**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 308.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. JACKSON.

[Cite as *Disciplinary Counsel v. Jackson*, 1998-Ohio-474.]

*Attorneys at law—Misconduct—Recommendation by Board of Commissioners on Grievances and Discipline for disbarment—Matter remanded for further evidentiary proceedings, when.*

(No. 97-1316—Submitted December 10, 1997—Decided April 1, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-25.

_____

{¶ 1} On December 29, 1992, the Supreme Court of Hawaii suspended respondent, Jonathan Michael Jackson of Bowling Green, Ohio, Attorney Registration No. 0038349, from the practice of law in that state for two years and ordered restitution to respondent's clients. Based upon a certified report of that order of suspension, on June 9, 1993, we suspended respondent from the practice of law in Ohio for a period coinciding with the duration of his Hawaii suspension. *Disciplinary Counsel v. Jackson* (1993), 66 Ohio St.3d 338, 612 N.E.2d 1225.

{¶ 2} On February 6, 1995, relator, Office of Disciplinary Counsel, filed a three-count complaint charging respondent, then a resident of Columbus, Ohio, with several disciplinary violations.

{¶ 3} In Count II, relator alleged that while respondent was under suspension in Ohio, he appeared in the Common Pleas Court of Pike County, representing a principal in the case of *Cutlip v. Cutlip*, No. 25-CIV-D-93, in violation of DR 1-102(A)(3) (engaging in conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice).

{¶ 4} As to Count III, after respondent sold his home in Bowling Green, Ohio, the purchaser found twenty boxes containing one hundred legal files, which he reported to the Wood County Bar Association. In Count III, relator alleged that respondent abandoned those clients, as evidenced by the files, without making any attempt to provide for their legal needs in violation of DR 1-102(A)(5), 2-110(A)(2) (delivering to a client all papers to which the client is entitled), 6-101(A)(3) (neglecting entrusted legal matters), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), and 7-102(A)(3) (damaging a client during the course of a professional relationship).

{¶ 5} Respondent filed an answer denying the operative facts of all counts in the complaint and the alleged disciplinary violations.

{¶ 6} In April 1995, the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") gave certified mail notice of the hearing scheduled on the matter. The United States Postal Service left three notices of the certified mail at respondent's Columbus, Ohio address, and then returned the mail to the board "unclaimed." In May 1995, the board caused the Franklin County Sheriff to attempt to serve a copy of the hearing notice on respondent at the same address, and the sheriff replied that it could not be served, noting as a reason, "Moved away to So. Ohio." The board then served notice of the hearing on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B).

{¶ 7} On May 9, 1997, relator moved for a default judgment, attaching to its motion (1) copies of the efforts to make service, (2) four pages of a deposition of respondent taken while he lived in Columbus, Ohio, relating to his Continuing Legal Education status, and (3) an affidavit of attorney Mark Reddin of Wood County that he had inspected boxes of files relating to former clients at respondent's previous Bowling Green residence and that he had consulted with an unnamed

former client of respondent who said that respondent had not followed through in representing her.

{¶ 8} A panel of the board found the motion well taken, concluded that respondent had violated the Disciplinary Rules charged in Counts II and III of the complaint, and recommended that respondent be indefinitely suspended from the practice of law in Ohio. The panel did not make any findings as to Count I of the complaint. The board adopted the findings and conclusions of the panel, but "after considering the evidence that he lied to courts, ignored Supreme Court orders and abandoned 100 clients," recommended that respondent be disbarred.

{¶ 9} In response to our order to show cause why the recommendation of the board should not be confirmed by the court, respondent filed both an objection to the board's findings of fact and conclusions of law and a motion to vacate the default. To his memorandum in support of the motion to vacate, respondent attached copies of letters that he received from the board at his Columbus, Ohio address dated in April 1995, relating to the filing of his deposition in the case. He also attached copies of envelopes he received from the board dated in February 1995, January 1997, and June 1997 at his Columbus, Ohio address. Also, in both filings respondent reiterated that he had spoken with a person in relator's office before he appeared in the *Cutlip* case for the sole purpose of asking for a continuance, and that the files discovered in his former Bowling Green residence were closed files.

{¶ 10} Relator, in its memorandum in opposition to the motion to vacate, stated that respondent had evaded personal service, that relator had been prepared to present clear and convincing evidence to prosecute respondent, that respondent had practiced law in Ohio and then in Hawaii, where he was suspended, that he then worked with a title company in Florida, and that he moved back to Ohio, where he practiced law. Attached to relator's memorandum was a handwritten list of files

compiled by attorney Reddin that were found in respondent's former Bowling Green residence.

{¶ 11} Both parties waived oral argument.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*Jonathan Michael Jackson, pro se.*

———————————

***Per Curiam.***

{¶ 12} In a disciplinary matter, relator must prove its case by clear and convincing evidence. Gov.Bar R. V(6)(J); *Cincinnati Bar Assn. v. Rinderknecht* (1997), 79 Ohio St.3d 30, 679 N.E.2d 669; *Disciplinary Counsel v. Cicero* (1997), 78 Ohio St.3d 351, 678 N.E.2d 517; *Cleveland Bar Assn. v. Kates* (1997), 78 Ohio St.3d 69, 676 N.E.2d 512. After respondent answered and denied the operative facts of relator's complaint, relator moved for a default judgment. To support the board's recommendation of a default judgment, relator directs our attention to Civ.R. 55(A), which provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided in these rules, * * * [a default judgment may be granted]." (Emphasis added by relator.)

{¶ 13} Relator argues that although respondent filed an answer, by failing to appear at the hearing, he did not "otherwise defend," and therefore relator is entitled to a default judgment on all three counts of its complaint. Relator cites the board's underlying ruling in the case of *Cincinnati Bar Assn. v. Pyatt* (1998), 80 Ohio St.3d 191, 685 N.E.2d 514, for the proposition that if a respondent in a disciplinary action fails to respond to subpoenas after filing an answer in the case, a default judgment may be entered.

**{¶ 14}** However, in *Pyatt* we specifically did not adopt the findings and conclusions of the board based on the relator's motion for default judgment. Instead, we disciplined Pyatt for failure to cooperate in an investigation, which he admitted in his answer, and for failure to register with the Clerk of the Supreme Court and advise the Clerk of his current office address as required by the Rules for the Government of the Bar.

**{¶ 15}** In *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn*. (1986), 28 Ohio St.3d 118, 121-122, 28 OBR 216, 219-220, 502 N.E.2d 599, 602, we set out at some length the due process requirements in applying Civ.R. 55 (A). In summary, when a case is at issue because a defendant has filed an answer, there can be no default judgment. In that situation, the moving party is required to present a prima facie case before the court can enter a default judgment. We cited with approval *Bass v. Hoagland* (C.A.5, 1949), 172 F.2d 205, which held that, after an answer has been filed, it is error to enter a default judgment. See, also, *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 105-106, 3 OBR 118, 120-121, 443 N.E.2d 992, 996.

**{¶ 16}** Here, no prima facie case was presented by relator. The board had before it only allegations denied by respondent, respondent's failure to receive notice of hearing by mail or service, and an affidavit relating to a conversation attorney Reddin had with an unidentified former client of respondent. When clear and convincing evidence is required, we are not disposed to let the matter turn on allegations of the possible failure of service and affidavits with possible hearsay evidence. The board should have required relator to present evidence to support its claims.

**{¶ 17}** In *Columbus Bar Assn. v. Sterner* (1997), 77 Ohio St.3d 164, 167-168, 672 N.E.2d 633, 635, we said that the time for production of evidence in a disciplinary matter is at the formal hearing before the panel and that only in exceptional circumstances would we accept evidence attached to a brief or

presented at oral argument in this court. Here, however, there was no hearing. We note that attached to respondent's memorandum in support of his motion to vacate are documents indicating that he did receive some mail from the board at the Columbus, Ohio address during the time he is alleged to have evaded service. We also note that attached to relator's motion for default and in sole support of Count III of relator's complaint is an affidavit by attorney Reddin concerning an unidentified third party. Clear and convincing proof to disbar an attorney from the practice of law demands more than this.

{¶ 18} This matter is remanded to the board with instructions to remand it to the panel for further evidentiary proceedings. Costs to abide final determination of the case.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____