OFFICE OF DISCIPLINARY COUNSEL *v.* JACKSON.

[Cite as *Disciplinary Counsel v. Jackson* (1998), 81 Ohio St.3d 308.]

(No. 97–1316—Submitted December 10, 1997—Decided April 1, 1998.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Jonathan Michael Jackson, pro se.*

**Per Curiam.** In a disciplinary matter, relator must prove its case by clear and convincing evidence. Gov.Bar R. V(6)(J); *Cincinnati Bar Assn. v. Rinderknecht* (1997), 79 Ohio St.3d 30, 679 N.E.2d 669; *Disciplinary Counsel v. Cicero* (1997), 78 Ohio St.3d 351, 678 N.E.2d 517; *Cleveland Bar Assn. v. Kates* (1997), 78 Ohio St.3d 69, 676 N.E.2d 512. After respondent answered and denied the operative facts of relator's complaint, relator moved for a default judgment. To support the board's recommendation of a default judgment, relator directs our attention to Civ.R. 55(A), which provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided in these rules, * * * [a default judgment may be granted]." (Emphasis added by relator.)

Relator argues that although respondent filed an answer, by failing to appear at the hearing, he did not "otherwise defend," and therefore relator is entitled to

a default judgment on all three counts of its complaint. Relator cites the board's underlying ruling in the case of *Cincinnati Bar Assn. v. Pyatt* (1997), 80 Ohio St.3d 191, 685 N.E.2d 514, for the proposition that if a respondent in a disciplinary action fails to respond to subpoenas after filing an answer in the case, a default judgment may be entered.

However, in *Pyatt* we specifically did not adopt the findings and conclusions of the board based on the relator's motion for default judgment. Instead, we disciplined Pyatt for failure to cooperate in an investigation, which he admitted in his answer, and for failure to register with the Clerk of the Supreme Court and advise the Clerk of his current office address as required by the Rules for the Government of the Bar.

In *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 121–122, 28 OBR 216, 219–220, 502 N.E.2d 599, 602, we set out at some length the due process requirements in applying Civ.R. 55(A). In summary, when a case is at issue because a defendant has filed an answer, there can be no default judgment. In that situation, the moving party is required to present a prima facie case before the court can enter a default judgment. We cited with approval *Bass v. Hoagland* (C.A.5, 1949), 172 F.2d 205, which held that, after an answer has been filed, it is error to enter a default judgment. See, also, *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 105–106, 3 OBR 118, 120–121, 443 N.E.2d 992, 996.

Here, no prima facie case was presented by relator. The board had before it only allegations denied by respondent, respondent's failure to receive notice of hearing by mail or service, and an affidavit relating to a conversation attorney Reddin had with an unidentified former client of respondent. When clear and convincing evidence is required, we are not disposed to let the matter turn on allegations of the possible failure of service and affidavits with possible hearsay evidence. The board should have required relator to present evidence to support its claims.

In *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167–168, 672 N.E.2d 633, 635, we said that the time for production of evidence in a disciplinary matter is at the formal hearing before the panel and that only in exceptional circumstances would we accept evidence attached to a brief or presented at oral argument in this court. Here, however, there was no hearing. We note that attached to respondent's memorandum in support of his motion to vacate are documents indicating that he did receive some mail from the board at the Columbus, Ohio address during the time he is alleged to have evaded service. We also note that attached to relator's motion for default and in sole support of Count III of relator's complaint is an affidavit by attorney Reddin concerning an

unidentified third party. Clear and convincing proof to disbar an attorney from the practice of law demands more than this.

This matter is remanded to the board with instructions to remand it to the panel for further evidentiary proceedings. Costs to abide final determination of the case.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.