[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 402.]

LAKE COUNTY BAR ASSOCIATION *v.* SMITH.

[Cite as *Lake Cty. Bar Assn. v. Smith*, 1999-Ohio-402.]

*Attorneys at law—Misconduct—Public reprimand—Neglecting an entrusted legal matter—Failing to carry out contract of employment for professional services.*

(No. 98-2216—Submitted February 9, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-92.

_____

{¶ 1} As part of a divorce decree, Kenneth Mehls and his former spouse agreed to equal-time custody under a shared parenting agreement and support order. However, from the time of divorce, Mehls kept total custody of the couple's minor child and provided his entire support. The child spent no time with his mother, and she provided no financial assistance to Mehls.

{¶ 2} In May 1993, respondent, Richard F. Smith, Jr. of Mentor, Ohio, Attorney Registration No. 0018125, filed a motion on behalf of Mehls for modification of the support order to obtain support contribution from Mehls's former spouse. The parties entered into mediation, which was a condition precedent to litigation under the shared parenting agreement. In December 1993, the parties agreed to dismiss the motion because mediation was still in process.

{¶ 3} In October 1994, respondent filed a second motion to modify support. The attorneys for the parties agreed to dismiss that motion in February 1995 because the parties had still not completed mediation. However, respondent failed to notify Mehls of the dismissal of the second motion, claiming that he was attempting to find some way to obtain reimbursement for Mehls. Less than four months before the child was to graduate from high school, when all support

requirements would terminate, the mediator filed her report. In late 1995, Mehls discovered that the motion had been dismissed and notified the relator, Lake County Bar Association, about respondent's failure to inform him of the dismissal.

{¶ 4} After an investigation, relator filed a complaint in October 1997, charging that respondent's conduct violated several Disciplinary Rules. Respondent failed to answer, and relator moved for a default judgment. Based upon the pleadings and respondent's statement before the complaint was filed, the panel concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter) and 7-101(A)(2) (failing to carry out a contract of employment for professional services). In mitigation, the panel noted that respondent had no previous disciplinary complaints filed against him in his thirteen years of practice. The panel recommended that respondent be suspended from the practice of law for six months, with the entire six months stayed on condition that respondent participate in a mentoring program to be established by the relator.

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Stephen G. Macek, Sandra A. Dray* and *Michael P. Hurley,* for relator.
*Richard F. Smith, Jr., pro se.*

_____

***Per Curiam.***

{¶ 6} We adopt the findings and conclusions of the board. However, in view of respondent's unblemished record and his lack of intent to harm Mehls, we find that a public reprimand is appropriate. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

––––––––––––––––––

**COOK, J., dissenting.**

{¶ 7} I would follow the recommendation of the panel and the board and suspend the respondent for six months, with the entire six months stayed, provided respondent successfully participates in and completes a mentoring program established and monitored by the Lake County Bar Association.

MOYER, C.J., concurs in the foregoing dissenting opinion.

––––––––––––––––––