[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 164.]

LORAIN COUNTY BAR ASSOCIATION *v.* HAYNES.

[Cite as *Lorain Cty. Bar Assn. v. Haynes*, 2000-Ohio-293.]

*Attorneys at law—Misconduct—Public reprimand—Neglect of an entrusted legal matter.*

(No. 99-1889—Submitted December 15, 1999—Decided February 23, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-86.

_____

{¶ 1} On December 7, 1998, relator, Lorain County Bar Association, filed a complaint charging respondent, John S. Haynes of Elyria, Ohio, Attorney Registration No. 0005772, with one count of violating a Disciplinary Rule and two counts of violating a Rule for the Government of the Bar.  After respondent filed an answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") upon the testimony and exhibits introduced by the parties.

{¶ 2} The panel found that on December 19, 1996, John Mand retained respondent to modify a visitation order because Mand's ex-wife had moved to Michigan with their child.  Respondent quoted Mand a flat fee of $350 plus court costs to handle the matter, and Mand paid respondent $225 of the quoted fee to retain him.  Respondent then prepared a draft copy of motions, including motions to modify visitation and child support, and sent them to Mand for his review.  On January 27, 1997, after Mand had approved the draft, respondent filed the motions in the Lorain County Court of Common Pleas, Domestic Relations Division.  Respondent subsequently talked with Mand's ex-wife's attorney, Margaret Kelly, and they agreed that the case could be settled.

**{¶ 3}** A hearing on the motions was scheduled for March 19, 1997, but was continued until July 16, 1997. Respondent never notified Mand of either the March 19 hearing date or that the hearing scheduled for that date had been continued. Kelly sent respondent a proposed settlement of the case on March 20, 1997. Respondent did not respond to the proposal.

**{¶ 4}** After numerous unsuccessful attempts to contact respondent, Mand met with respondent on April 14, 1997. During the meeting, respondent assured Mand that he would take care of things and that Mand would be contacted about the case in a few weeks. When Mand heard nothing from respondent and tried unsuccessfully to speak with him, Mand advised respondent's secretary on May 21, 1997, that he wanted to fire him. Respondent then talked to Mand, and Mand demanded a refund of the $225 retainer. Respondent did not return the retainer, and Mand later agreed that respondent's fee for the work he had done was not excessive. Mand retained another attorney, and the case was eventually resolved.

**{¶ 5}** The panel concluded that respondent's conduct in the Mand matter violated DR 6-101(A)(3) (neglecting an entrusted legal matter). The panel also concluded that relator had not introduced sufficient evidence to establish the other charges alleging violations of Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary proceeding) by the required clear and convincing evidence.

**{¶ 6}** In mitigation, respondent submitted letters from a local judge and a local attorney attesting to respondent's fine reputation and good character in the legal community. Relator conceded that respondent was "not a bad lawyer" and that some of his trouble stemmed from respondent's being too "good-hearted." No other complaints had ever been brought by relator against respondent.

**{¶ 7}** The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Cook & Batista Co., L.P.A.,* and *Daniel A. Cook*, for relator.

*Kegler, Brown, Hill & Ritter, Geoffrey Stern* and *Christopher J. Weber*, for respondent.

————————————

***Per Curiam.***

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Given respondent's solitary act of neglect in an otherwise unblemished legal career and the lack of financial harm to his client, a public reprimand is warranted. See *Lake Cty. Bar Assn. v. Smith* (1999), 85 Ohio St.3d 402, 709 N.E.2d 116; *Cleveland Bar Assn. v. Kates* (1997), 78 Ohio St.3d 69, 676 N.E.2d 512; *Stark Cty. Bar Assn. v. Tscholl* (1991), 57 Ohio St.3d 211, 567 N.E.2d 265. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————