DECISION.
Appellant, Lana Crabtree-Borchers, appeals the trial court's decision overruling her motion for relief from a judgment ordering her to pay child support for her daughter, Aundrea Crabtree. We affirm the trial court's judgment.
The record shows that, in 1996, the trial court granted Aundrea's father, Mark Fehring, custody of the child pursuant to an agreement by the parties. At that time, Borchers and Fehring also agreed that Borchers would not pay any child support because she was unemployed and had no income.
Subsequently, appellee Hamilton County Child Support Enforcement Agency (CSEA) filed a motion for an order of child support on Fehring's behalf. Borchers was served by certified mail at her address in South Carolina. She signed the return receipt and filed an answer denying all of the allegations in the motion.
When Borchers failed to appear for the scheduled hearing on the motion, the magistrate journalized an order setting the matter for a default hearing. That order contained form language stating that a motion for default had been filed and that the matter was set for a hearing on July 21, 1998. The form went on to state that "[a] copy of the motion and notice of hearing shall be served on the defendant in the same manner as is provided for service of the complaint under the Civil Rules."
CSEA filed a motion for a default judgment and served the motion by ordinary mail to the same address at which the original motion for support had been served. When Borchers failed to appear at the July 21, 1998, hearing on the motion for a default judgment, the magistrate ordered child support of $230.08 per month. Borchers did not object to the magistrate's decision. The trial court adopted the magistrate's decision and entered it as the judgment of the court.
After she was indicted on felony nonsupport charges, Borchers filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). She argued that she had suffered severe psychological and physical injuries as a result of an attack, and that, as a result, she "had a permanent disability of 45%." She also argued that she had never received service of the motion for default judgment or notice of the hearing on the motion. After a hearing, the trial court overruled Borchers's motion. This appeal followed.
In her sole assignment of error, Borchers states that the trial court erred in overruling her motion to set aside the default judgment. She argues that when the court's own entry stated that the motion for default judgment and notice of the hearing should be served on her "in the same manner as is provided for the service of the complaint under the Civil Rules[,]" the motion and notice should have been served by certified mail, and, therefore, service by ordinary mail was insufficient. This assignment of error is not well taken.
A judgment entered without proper service is void. State ex rel.Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, syllabus; Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61, 63,705 N.E.2d 408, 410. Because a court has inherent power to vacate a void judgment, a party who asserts that the court lacked jurisdiction because of improper service need not meet the requirements of Civ.R. 60(B).Patton v. Diemer (1988), 35 Ohio St.3d 68, 70, 418 N.E.2d 941, 944;Emge, supra, at 63, 704 N.E.2d at 410. Courts will presume service to be proper in cases where the civil rules are followed, unless the defendant rebuts the presumption by sufficient evidence. Emge, supra, at 63, 704 N.E.2d at 410; Leman v. Fryman (Jan. 18, 2002), Hamilton App. C-010056, unreported.
Civ.R. 55(A) provides that a default judgment may be entered against a party who has "failed to plead or otherwise defend" as provided by the Civil Rules. A default arises only when a party has failed to contest the allegations raised in the complaint. Consequently, a court cannot enter a default judgment against a party who has filed an answer. Office ofDisciplinary Counsel v. Jackson (1998), 81 Ohio St.3d 308, 311,691 N.E.2d 262, 264; Ohio Valley Radiology Assoc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 121, 502 N.E.2d 599, 602.
Further, the notice requirement of Civ.R. 55(A) does not apply to cases in which a defending party who has previously pleaded fails to appear for a trial. Ohio Valley, supra, at 121-122, 502 N.E.2d at 602-603; MinoltaCorp. v. Kreais (Mar. 28, 1997), Wyandot App. No. 16-96-9, unreported. In those circumstances, the defendant is only entitled to reasonable notice of the hearing date. Ohio Valley, supra, at 123-125,502 N.E.2d at 603-605; Lowry v. Lowry (1988), 48 Ohio App.3d 184, 190-191,549 N.E.2d 176, 182. Borchers received reasonable notice of the hearing date. Therefore, the judgment rendered as a result of that hearing was not void for lack of notice, despite the language in the magistrate's order seemingly requiring service by certified mail.
The proper action for a court to take when a defending party who has pleaded fails to appear for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires the plaintiff to prove the essential elements of his or her claim, is diametrically opposed to the concept of default, which is based upon an admission and which, therefore, obviates the need for proof. OhioValley, supra, at 122, 502 N.E.2d at 602-603; Providian Natl. Bank v.Stone (Sept. 28, 2001), Portage App. No. 2000-P-0117, unreported. Any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58 and not a default judgment under Civ.R. 55. Ohio Valley,supra, at 122, 502 N.E.2d at 603.
In this case, we have no transcript of the "default" hearing. The trial court found that Borchers had an income of $14,560 and calculated the amount of child support using the child-support worksheet required by former R.C. 3113.215. Because we have no transcript of the proceedings, we have no idea how the trial court arrived at that figure. The appellant bears the burden to provide a transcript for appellate review. When parts of the transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon, and, therefore, it has no choice but to presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.
Since the judgment against Borchers was not void, it cannot be collaterally attacked at any time. See Sampson v. Hooper (1993),91 Ohio App.3d 538, 540, 632 N.E.2d 1338, 1340; Leman, supra. CSEA's failure to serve the notice of the "default" hearing by certified mail as stated in the court's order arguably might have rendered the judgment voidable and might have justified relief from judgment pursuant to Civ.R. 60(B). See Leman, supra; Santone v. Diaman (Sept. 3, 1998), Monroe App. No. 772, unreported. The propriety of granting relief under Civ.R. 60(B) requires a separate analysis. See Claims Mgmt. Serv., Inc. v. Tate
(Sept. 29, 2000), Hamilton App. No. C-000034, unreported; Caldwell v.Alston (Oct. 2, 1996), Hamilton App. No. C-950688, unreported.
The decision whether to grant relief from judgment lies within the trial court's discretion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103, 316 N.E.2d 469, 475. Civ.R. 60(B)(1) provides that a court may grant relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." In the trial court, Borchers essentially argued that her failure to appear at the hearing was the result of excusable neglect due to her disability. Civ.R. 60(B) requires that a motion seeking relief under subsections (1), (2) or (3) be filed within one year of the entry of the judgment. Strack v. Pelson
(1994), 70 Ohio St.3d 172, 175, 637 N.E.2d 914, 916; Tate, supra. Borchers's motion was not filed until almost two and one-half years after the judgment. Since her motion was not timely filed, the trial court did not abuse its discretion in overruling it. See Leman, supra; Tate,supra.
Further, relief under Civ.R. 60(B)(5), the catchall provision, which does not contain the same time restriction, was not proper since that provision is not a substitute for the more specific provisions of Civ.R. 60(B). Caruso Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus; Tate, supra. Accordingly, the trial court did not err in overruling Borchers's motion for relief from judgment. We overrule her assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., Hildebrandt and Winkler, JJ.