{¶ 17} While I agree with the result the majority reaches in this case, I believe some further explanation of the laws which govern this matter is necessary given the irregularities apparent on the record. Since the validity of default judgments depend on the fulfillment of certain conditions precedent, some discussion of those requirements and their potential implications to this case is warranted.
 {¶ 18} Default judgments are governed by Civ.R. 55. That rule limits the entry of a default to cases where the party against whom a judgment is sought has failed to appear, plead or otherwise defend against the allegations in the complaint. Fontanella v. Ambrosio, 11th Dist. No. 2001-T-0033, 2002-Ohio-3144; citing, Ohio Valley RadiologyAssoc. v. Ohio Valley Hospital (1986), 28 Ohio St.3d 118, 121,502 N.E.2d 599. In general, such a failure is treated as an admission of the basis of the complaint. See, Civ.R. 8(D); X-Technology v. MJTechnologies, 8th Dist. No. 80126, 2002-Ohio-2259. Accordingly, default judgments are typically reserved for uncontested cases. Id.
 {¶ 19} Rule 55(A) further provides that:
 {¶ 20} "* * * the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If the partyagainst whom judgment by default is sought has appeared in the action, he(or, if appearing by representative, his representative) shall be servedwith written notice of the application for judgment at least seven daysprior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)
 {¶ 21} Civ.R. 55(A) does not define the phrase: "otherwise defend." Other courts interpreting that term have concluded that it, "refers to attacks on the service, or motions to dismiss, or for better particulars." Miles v. Horizon Homes (Oct. 17, 1991), 8th Dist. No. 61379; quoting, Williams v. Cleveland (Dec. 14, 1989), 8th Dist. No. 56408. Under the circumstances, any conduct by the defendant subsequent to the filing of plaintiff's complaint; whether it involves the failure to provide discovery, appear, or comply with court orders, cannot form the basis of a default judgment when we consider the term "otherwise defend" as contemplated by Civ.R. 55(A). Id.
 {¶ 22} Based on these limitations, then, a default judgment would be invalid in this case unless the record demonstrated that Appellants failed to appear, answer the complaint or otherwise defend against it and the record reflected that Appellants were properly notified of a hearing on Appellee's application for default.
 {¶ 23} As the majority accurately points out, however, it is difficult to ascertain what transpired in the trial court because the record Appellants have submitted is so inadequate.
 {¶ 24} The record does establish, that on July 10, 2001, Appellee instituted a cause of action alleging that Appellants agreed to rent certain property and thereafter failed to pay rent on the property. Appellee sought: (1) to evict Appellants from the premises and, (2) to recover back rent he claimed Appellants owed on the property. Appellants received personal service of the complaint and a summons on July 28, 2001. On August 3, 2001, the parties appeared in court. No transcript was submitted to this Court memorializing the nature of the testimony taken or what otherwise transpired during the August 3, 2001 proceeding. The docket sheet, however, reflects the following entry:
 {¶ 25} "Case called on first cause of action. Pltff appeared in court. Sworn testimony taken. Defendant appeared. Writ of restituion in 10 days. Continued second cause of action: SDH."
 {¶ 26} Based on the entry quoted above, we can conclude that Appellants appeared as that term is contemplated by Civ.R. 55(A). The court's notes further indicate that while Appellants may not have filed a written answer to the complaint, a contested hearing of some kind took place on August 3, 2001. Therefore, it is reasonable to presume that Appellants, at least orally, took that opportunity to, "answer or otherwise defend," as contemplated by Civ.R. 55(A).
 {¶ 27} Documents in the record indicate that at the conclusion of the hearing, the trial court granted Appellee's request to evict Appellants from the property and deferred the issue of damages to a later date. On November 5, 2001, Appellee filed a motion requesting a hearing on the second count of his complaint as to damages. The record also includes an order from the municipal court setting the matter for a "Second Cause Hearing" on December 28, 2001. (Notice of Hearing, Nov. 9, 2001). Appellants did not appear in court on the date set and the trial court entered a default judgment against them in the amount of $2,410 plus costs. (Judgment Entry, Dec. 28, 2001). We must note that our review raises questions as to whether Appellants were properly notified of either the motion asking the court to set the matter for a hearing or the order doing so. The addresses to which those pleadings were apparently sent are inconsistent. Because, however, Appellants have not challenged the judgment on notice grounds at any point, this Court may not properly review the matter.
 {¶ 28} Since Appellants have submitted no transcripts documenting what occurred in the trial court, we have no choice other than to presume that Appellants appeared in court and defended against the allegations in Appellee's complaint. Korusechak v. Smortrilla, 7th Dist. No. 99 CA 320, 2001-Ohio-3326 at P2; quoting, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. See, also, Allison v. Daniels, 7th Dist. No. 01 CA 86, 2002-Ohio-5027, at P67.
 {¶ 29} In light of the limitations on default judgments in Civ.R. 55(A), this case could not have been properly resolved by way of a default judgment for two reasons. First, because Appellants did appear, Appellee could only secure a default judgment if he notified them of his intent to seek default at least seven days prior to doing so. Second, the rule explicitly prohibits a default judgment where the party defending against a cause of action answers or undertakes to defend against the complaint.
 {¶ 30} Having reached this conclusion, I am nevertheless of the opinion that the trial court should be affirmed. The entry memorializing the trial court's judgment in Appellee's favor, while called a "default" judgment, reflects that the trial court issued the order after taking sworn testimony, presumably from Appellee, who was present. This Court has found that when a trial court takes proof in the absence of the defendant and decides to enter judgment on the merits in favor of the plaintiff, the judgment is not a default; rather it is a judgment on the merits in favor of the plaintiff. Hrina v. Segall (June 6, 2001), 7th Dist. No. 00 C.A. 87, 2001-Ohio-3281. Accordingly, given the record, this court must find that the December 28, 2001, proceeding was a hearing on the merits of Appellee's damage claim and that Appellee apparently presented prima facie evidence to support this claim. See DisciplinaryCounsel v. Jackson (1998), 81 Ohio St.3d 308, 311, 691 N.E.2d 262. Any judgment rendered from this hearing was properly issued on the merits.
 {¶ 31} It is Appellants' burden to submit to the court of review a record of the facts and findings providing the basis for their appeal.Wray v. Parsson (1995), 101 Ohio App.3d 514, 518, 655 N.E.2d 1365; App.R. 9. Such a record necessarily includes a complete transcript of the relevant proceedings below. In the absence of such transcripts, this court must assume the correctness of the proceedings in the lower court.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Notwithstanding the allegations Appellants have leveled in their brief, lacking anything in the record to substantiate their claims or otherwise impugn such a presumption, I agree that this court must affirm the judgment entered by the trial court.