OPINION
{¶ 1} Plaintiff-appellant, Joseph A. Pingue, Sr., appeals from judgments of the Franklin County Court of Common Pleas vacating a prior default judgment entered against defendants-appellees, Daniel and Kathy Black, and denying plaintiff's motion to strike defendants' answer.
{para; 2} Plaintiff is the owner of a shopping center located at the intersection of Worthington Galena Road and Worthington Woods Boulevard in Franklin County, Ohio. On March 1, 1997, plaintiff leased a parcel in the shopping center to defendants for a period of three years. In conjunction with the execution of the lease, defendants executed a cognovit promissory note in an amount equal to one year's rent on the leased parcel. In April 1998, plaintiff and defendants executed an addendum to the existing lease agreement by which defendants leased an additional parcel in the shopping center for the balance of the period remaining on the lease.
{para; 3} According to plaintiff's complaint, defendants ceased making rent payments in November 2000 and became holdover tenants after the expiration of the lease. On March 9, 2001, plaintiff notified defendants that they were to vacate the leased premises by April 1, 2001, and provided defendants with an accounting of the unpaid rent, late charges, and other fees owed to plaintiff. It appears from plaintiff's complaint that defendants actually vacated the leased premises no later than May 1, 2001.
{para; 4} Defendants failed to respond to plaintiff's accounting and, on June 19, 2002, plaintiff filed an action against defendants in the Franklin County Court of Common Pleas seeking to recover $29,826.77 in unpaid rent, real estate taxes, water charges, and late fees from defendants and seeking to recover $5,769.53 on the cognovit promissory note. On November 6, 2002, plaintiff filed a motion for a default judgment based on defendants' failure to file an answer. On November 18, 2002, defendants filed an answer asserting several defenses including the affirmative defense of insufficiency of service.
{para; 5} On November 19, 2002, the trial court granted plaintiff's motion for default judgment. On December 17, 2002, defendants filed a Civ.R. 60(B) motion seeking to have the trial court vacate the default judgment. On December 18, 2002, the trial court issued an order and entry vacating the default judgment and noting that the court was unaware that defendants had filed an answer when it entered the default judgment.
{para; 6} On December 20, 2002, plaintiff filed a brief in opposition to the trial court's grant of defendants' motion for relief from judgment, a memorandum contra defendants' motion for relief from judgment, and a motion to strike defendants' answer as untimely.
{para; 7} On January 21, 2003, plaintiff appealed the trial court's December 18, 2002 judgment vacating the default judgment.
{para; 8} On January 24, 2003, the trial court issued a decision and entry denying plaintiff's motion to strike defendants' answer and indicating that its previous entry vacating the default judgment would stand. Plaintiff appealed from this judgment on February 24, 2003. On March 4, 2003, this court ordered plaintiff's two appeals in this matter consolidated. In these consolidated appeals, plaintiff assigns the following errors:
 I. The Franklin County Court of Common Pleas erred in vacating the November 19, 2002 default judgment entry in favor of appellant.
 II. The Franklin County Court of Common Pleas erred in denying appellant's motion to strike appellees' answer as untimely.
 {para; 9} Plaintiff's assignments of error will be addressed in reverse order for organizational purposes. Plaintiff's second assignment of error challenges the trial court's denial of plaintiff's motion to strike defendants' answer on the grounds that the answer was not timely and defendants did not obtain leave of court prior to filing the answer. Specifically, plaintiff asserts that the trial court abused its discretion in overruling his motion to strike defendants' answer because the answer was filed more than 28 days after service of the summons and complaint upon defendants as required by Civ.R. 12.[1] In support of this contention, plaintiff asserts that the record establishes that defendants were served with the complaint by ordinary mail on September 18, 2002, and that defendants did not file their answer until November 18, 2002.
 {¶ 10} Plaintiff's assertions notwithstanding the record does not establish that defendants were ever served with plaintiff's complaint. Rather, the record reveals that plaintiff twice caused the complaint to be served by regular mail, return receipt requested, at the address set forth in the lease as defendants' home address. On both occasions, the service was returned with the notation that the addressee no longer resided at the address. On September 13, 2003, plaintiff requested that defendants be served with the complaint by both regular and certified mail at the leasehold premises. Again, however, the service was returned undelivered, this time with the notation "unclaimed."
 {¶ 11} The due process protections contained in the Fourteenth Amendment require that service be accomplished in a manner reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and to give them an opportunity to appear. SamsonSales, Inc. v. Honeywell, Inc. (1981), 66 Ohio St.2d 290, 293, citingMullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306,314, 70 S.Ct. 652. Here, serving defendants at a location which plaintiff knew or had reason to know defendants had vacated more than one and one-half years earlier, was not reasonably calculated to apprise defendants of the action pending against them and to give defendants an opportunity to appear. If, in fact, plaintiff was, with reasonable diligence, unable to ascertain defendants' residence, he could have sought to serve defendants by publication pursuant to Civ.R. 4.4. The record reveals that no such effort was made.
 {¶ 12} Because defendants were never properly served with the complaint, the time for filing their answer never began to run. Accordingly, defendants' answer was, in fact, timely when it was filed on November 18, 2002, and the trial court did not abuse its discretion in denying plaintiff's motion to strike defendants' answer.
 {¶ 13} Plaintiff's second assignment of error is overruled.
 {¶ 14} Plaintiff's first assignment of error challenges the trial court's decision to grant defendants' Civ.R. 60(B) motion and vacate the default judgment previously entered against defendants.
 {¶ 15} It is well established that a default judgment may not be entered after a defendant has timely filed an answer. Ohio ValleyRadiology Associates, Inc. v. Ohio Valley Hosp. Association (1986),28 Ohio St.3d 118, 121-122; Office of Disciplinary Counsel v. Jackson(1998), 81 Ohio St.3d 308, 311. This rule is grounded in the very definition of a "default judgment," which under both pre-Civil Rule's decisions and Civ.R. 55(A), refers to a judgment entered against a defendant who has failed to contest an action against him by pleading or otherwise defending. Ohio Valley Radiology. A default judgment entered after a defendant has filed an answer is at least voidable,[2] and subject to being vacated under Civ.R. 60(B). See Fenner v. Kinney, Franklin App. No. 02AP-749, 2003-Ohio-989, at ¶ 17; Lexis-Nexis,Div. of Reed Elsevier, Inc. v. Robert Binns Associates, Inc. (Dec. 1,1998), Franklin App. No. 98AP-228.
 {¶ 16} Here, defendants filed their Civ.R. 60(B) motion seeking to vacate the default judgment less than one month after the trial court entered the default judgment against them. Further, the trial court's entry granting the motion and vacating the default judgment makes it clear that the court did not realize that defendants had filed an answer when it entered the default judgment. Given these circumstances, we can only conclude that the trial court acted properly in vacating the default judgment. See Ohio Valley Radiology; Hartmann v. Ohio Crime VictimsReparations Fund (2000), 138 Ohio App.3d 235, 238-239.
 {¶ 17} Plaintiff's first assignment of error is overruled.
 {¶ 18} Plaintiff's two assignments of error having been overruled, the judgments of the trial court are affirmed.
 Judgments affirmed.
PETREE, P.J., and DESHLER, J., concur.
[1] Civ.R. 12(A)(1) provides as follows: "Generally. The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him; if service of notice has been made by publication, he shall serve his answer within twenty-eight days after the completion of service by publication."
[2] Because defendants herein filed a Civ.R. 60(B) motion, we need not decide whether a default judgment entered after answer has been filed is actually void.