**[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 57.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* DETTY.

**[Cite as *Disciplinary Counsel v. Detty*, 2002-Ohio-2992.]**

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Use of political pressure in improper attempt to influence judge's handling of pending case.*

(No. 2002-0331—Submitted April 10, 2002—Decided July 3, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-71.

––––––––––––––

PER CURIAM.

{¶1} In December 2000, respondent, John Detty of Jackson, Ohio, Attorney Registration No. 0022112, was romantically involved with the plaintiff in a divorce case pending before a judge of the court of common pleas in that county. Respondent was active in party politics and later that month would become a member of his party's county executive committee.

{¶2} Respondent approached the judge, who was a member of respondent's political party, and told him that he was concerned about the manner in which the judge's magistrate was conducting the divorce case. Specifically, because of accusations that the defendant husband had molested a female child of the marriage, respondent was concerned about the magistrate's stated intention to allow Christmas visitation rights to the husband. Respondent told the judge that if the judge allowed the magistrate to continue to make such decisions, it would create political problems for the judge. The common pleas judge responded that he had already informed the children's services board of the allegations of molestation and

then ended the conversation. Later that month, respondent asked a municipal judge in the county to intervene with the common pleas judge. The municipal court judge did not intervene but told the common pleas judge of her conversation with respondent and mentioned that respondent again said that political problems for the common pleas judge might result if he failed to withdraw the case from the magistrate.

{¶3} In mid-December 2000, the common pleas judge received a telephone call from a minister and over 500 letters, similar in style, each expressing great concern over the issue of child abuse and stating that the writer would be closely watching the court on this issue. Some letters specifically mentioned the pending divorce case. The minister also wrote a letter to the judge stating that respondent had offered a draft form letter to members of the minister's congregation to assist the members in sending letters to the judge. Respondent admitted that he had personally appeared at the church and suggested that members of the congregation write letters similar to a letter that he had drafted.

{¶4} On the basis of these facts, the relator, Disciplinary Counsel, filed a complaint charging that respondent had violated several provisions of the Code of Professional Responsibility. After respondent answered, the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶5} The panel found the facts as stated above and concluded that while it may be permissible for a private citizen to write to a judge about a pending case, it is improper for an attorney not representing a party in the case to directly or indirectly communicate with a judge to influence the outcome of pending litigation. The panel concluded that the respondent's conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice) and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the

lawyer's fitness to practice law). It recommended that the respondent be suspended from the practice of law for six months with all six months stayed.

{¶6} The board adopted the findings, conclusions, and recommendation of the panel.

{¶7} On review we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire suspension stayed. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

————————————

**COOK, J., dissenting.**

{¶8} The respondent used political pressure in an improper attempt to influence a judge's handling of a pending case. Such conduct warrants a six-month actual suspension. Because the majority instead imposes a stayed suspension, I respectfully dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

————————————

Jonathan E. Coughlan, Disciplinary Counsel, and Kevin L. Williams, Assistant Disciplinary Counsel, for relator.

Geoffrey Stern, for respondent.

————————————