DISCIPLINARY COUNSEL *v.* BUNSTINE.

[Cite as *Disciplinary Counsel v. Bunstine,*

123 Ohio St.3d 298, 2009-Ohio-5286.]

*Alleged attorney misconduct — No misconduct found — Cause dismissed.*

(No. 2009-0693 — Submitted August 11, 2009 — Decided October 13, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 08-041.

_____

**Per Curiam**.

{¶ 1} Respondent, Edward R. Bunstine of Chillicothe, Ohio, Attorney Registration No. 0030127, was admitted to the practice of law in Ohio in 1981. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent from the practice of law for six months, staying the entire suspension on the condition of no further misconduct. The board's recommendation is based on findings that respondent, while serving as a part-time prosecutor, failed to timely recuse himself from a criminal matter involving the son of a couple who were friends of his wife. The board concluded that respondent had violated ethical standards by engaging in conduct prejudicial to the administration of justice. However, given the unique circumstances at issue, we find no professional misconduct.

{¶ 2} In June 2008, relator, Disciplinary Counsel, filed a complaint that alleged violations of professional misconduct stemming from a criminal matter that respondent was involved with as a prosecutor for the city of Chillicothe. He was charged with violations of DR 5-101(A)(1) (except with the consent of the client after full disclosure, a lawyer shall not accept employment if the exercise of professional judgment on behalf of the client will be or reasonably may be

affected by the lawyer's financial, business, property, or personal interests) and DR 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice). A panel of the board found that relator failed to establish by clear and convincing evidence that respondent had violated DR 5-101(A)(1) and recommended that that charge be dismissed. It found, however, that respondent had violated DR 1-102(A)(5). The panel recommended that respondent be suspended from the practice of law in Ohio for six months, with all six months stayed. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 3} The parties stipulated to several facts. Until May 2007, respondent was a part-time prosecutor for the city of Chillicothe. In 2006, respondent's wife was contacted by a couple that she knew from church. The couple indicated that their adult son had been arrested and charged with disorderly conduct and resisting arrest. At the hearing in this case, the father was asked why he and his wife had contacted respondent's wife. He testified: "She is a friend of ours, and we had never been through a court system before[;] we really didn't know how it worked[;] we were concerned about our son, and so we just wanted to get some ideas about how things would work, what we would go through, what we could do to help our son who was having some problems." The parents were concerned that their son had mental-health issues for which they hoped he would receive counseling.

{¶ 4} On her own initiative, respondent's wife drafted a letter to one of the municipal court judges. The letter relayed the parents' concern that their son might harm himself or others and that he would not undergo counseling unless ordered by the court to do so. The letter also mentioned past incidents reflecting on the son's mental state, which respondent's wife believed substantiated the need for counseling. The letter concluded with the typed closing "Ed and Lynn Bunstine," but there was no signature.

2

**{¶ 5}** On the date of the defendant's arraignment, respondent gave the letter to the bailiff assigned to that court room and then left to attend another hearing. A notation on the letter's envelope – presumably written by the bailiff – directs that a copy be made "for all parties/attorneys." Evidence establishes that all relevant parties indeed received a copy of that letter.

**{¶ 6}** At the time that the letter was delivered, no prosecutor had yet been assigned to the defendant's case. Later, however, respondent was assigned to the case. He attended two pretrials, and at the second, respondent and defense counsel negotiated a plea agreement. Under its terms, the charges against the defendant would be dismissed if he completed a 16-week counseling program.

**{¶ 7}** After the plea agreement was accepted by the court, respondent recused himself from the case. He explained his decision this way:

**{¶ 8}** "When I spoke to [the parents] at the pretrial, and obtained their consent to this plea agreement, I told them that if they needed my help in the future, that if they continued to have problems with their son, that if their son continued to be suicidal, to feel free to give me a call at my house, and I would help them in any way that I could in regards to the problems that they were having with their son.

**{¶ 9}** "Once I made that statement to the victims of this case [the parents], I felt that I was creating a conflict at that time. That is the reason I put on the case notes that I wanted this case reset on another prosecutor's date. Because if [the parents] had called me a week, two weeks, three weeks, four weeks down the road and said Ed, will you talk to our son, will you come out to the house and help, I would have done that."

**{¶ 10}** Relator asserted that respondent's involvement with the letter and his failure to recuse himself earlier violated both DR 1-102(A)(5) and 5-101(A)(1). The panel agreed only that a violation of DR 1-102(A)(5) was established and the board, in turn, adopted the panel's report in full. Respondent

filed objections to the board's report. In addition to alleging some factual inaccuracies, respondent objected to the board's finding that he had violated DR 1-102(A)(5). In his argument before this court, he explained that he felt that it was his ethical duty to present to the Chillicothe Municipal Court evidence that the defendant could be a danger to himself or others. Because respondent was required to be at another hearing and could not verbally present this information to the court, he believed that the letter was a timely and effective alternative. Respondent also argued that his recusal was not untimely, because it was not warranted until his conversation with the defendant's parents. After that conversation, he was concerned that he had created a conflict and therefore immediately recused himself.

{¶ 11} In disciplinary matters, we are not bound by the conclusion of either the panel or board in determining the propriety of an attorney's conduct or the appropriate sanction. *Disciplinary Counsel v. Furth* (2001), 93 Ohio St.3d 173, 181, 754 N.E.2d 219. Based on our review of the evidence before us, we adopt the board's finding that respondent did not violate DR 5-101(A)(1), and we accept its dismissal of that charge. We do not, however, adopt the board's finding that respondent's conduct violated DR 1-102(A)(5).

{¶ 12} Relator must prove by clear and convincing evidence the facts necessary to establish a violation of a Disciplinary Rule. Gov.Bar R. V(6)(J); *Disciplinary Counsel v. Jackson* (1998), 81 Ohio St.3d 308, 310, 691 N.E.2d 262. "Clear and convincing evidence" is " 'more than a mere "preponderance of the evidence," but not to the extent of such certainty as required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 331, 708 N.E.2d 193, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. We find that relator has not met its burden.

{¶ 13} We hereby find that relator has not established by clear and convincing evidence that respondent violated DR 1-102(A)(5), and we dismiss that charge.

Cause dismissed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., dissents.

_____

**MOYER, C.J., dissenting.**

{¶ 14} I respectfully dissent from the majority's decision that respondent did not violate DR 1-102(A)(5). Respondent took part in the prosecution of a defendant after delivering a personal letter to the presiding judge stating that respondent and his wife were friends of the defendant's parents and advocating specific action on behalf of the defendant. Although respondent's wife drafted the letter, respondent knew that it purported to be from him and his wife. After delivering the letter, respondent was assigned to prosecute the case and attended two pretrial conferences in his role as prosecutor; at the second conference, he negotiated a plea agreement with the defendant similar to the position advocated in the letter. Only after the court accepted the plea agreement did respondent recuse himself, claiming that it became necessary due to comments he had made to the defendant's parents at that time.

{¶ 15} Respondent admits in his brief, "If the letter had been sent on behalf of defendant, then I would agree with the Board and I would have recused myself." Respondent has stipulated, however, that "[o]n or about August 7, 2006, Respondent's wife wrote a letter to Judge Street * * * on behalf of [the defendant]." I agree that the letter was sent on behalf of the defendant, as did the board. Respondent's failure to recuse himself as soon as the case was assigned to him was a violation of DR 1-102(A)(5).

{¶ 16} Based on respondent's misconduct and sanctions imposed in similar cases, a stayed suspension from the practice of law is the appropriate sanction. See *Disciplinary Counsel v. McNamee*, 119 Ohio St.3d 269, 2008-Ohio-3883, 893 N.E.2d 490 (one-year suspension, all stayed, for representing multiple parties to a business venture in which the attorney also had an interest); *Disciplinary Counsel v. Detty*, 96 Ohio St.3d 57, 2002-Ohio-2992, 770 N.E.2d 1015 (six-month suspension, all stayed, for communicating with a judge in an attempt to influence litigation in which attorney did not represent a party). I would accordingly adopt the recommendation of the Board of Commissioners on Grievances and Discipline and order a six-month suspension with all six months stayed.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Edward R. Bunstine, pro se.

_____