Moyer, C.J.,
dissenting.
{¶ 14} I respectfully dissent from the majority’s decision that respondent did not violate DR 1-102(A)(5). Respondent took part in the prosecution of a defendant after delivering a personal letter to the presiding judge stating that respondent and his wife were friends of the defendant’s parents and advocating specific action on behalf of the defendant. Although respondent’s wife drafted the letter, respondent knew that it purported to be from him and his wife. After delivering the letter, respondent was assigned to prosecute the case and attended two pretrial conferences in his role as prosecutor; at the second conference, he negotiated a plea agreement with the defendant similar to the position advocated in the letter. Only after the court accepted the plea agreement did respondent *302 recuse himself, claiming that it became necessary due to comments he had made to the defendant’s parents at that time.
Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.
Edward R. Bunstine, pro se.
{¶ 15} Respondent admits in his brief: “If the letter had been sent on behalf of defendant, then I would agree with the Board and I would have recused myself.” Respondent has stipulated, however, that “[o]n or about August 7, 2006, Respondent’s wife wrote a letter to Judge Street * * * on behalf of [the defendant].” I agree that the letter was sent on behalf of the defendant, as did the board. Respondent’s failure to recuse himself as soon as the case was assigned to him was a violation of DR 1 — 102(A)(5).
{¶ 16} Based on respondent’s misconduct and sanctions imposed in similar cases, a stayed suspension from the practice of law is the appropriate sanction. See Disciplinary Counsel v. McNamee, 119 Ohio St.3d 269, 2008-Ohio-3883, 893 N.E.2d 490 (one-year suspension, all stayed, for representing multiple parties to a business venture in which the attorney also had an interest); Disciplinary Counsel v. Detty, 96 Ohio St.3d 57, 2002-Ohio-2992, 770 N.E.2d 1015 (six-month suspension, all stayed, for communicating with a judge in an attempt to influence litigation in which attorney did not represent a party). I would accordingly adopt the recommendation of the Board of Commissioners on Grievances and Discipline and order a six-month suspension with all six months stayed.