[Cite as *Baker v. Austin*, 2019-Ohio-5261.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| OLIVER BAKER, | : | APPEAL NO. C-190139 |
| | | TRIAL NO. 18CV-19406 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CLYDE AUSTIN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 20, 2019

*Charles H. Bartlett, Jr.*, for Plaintiff-Appellee,

*Clyde L. Austin,* pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant Clyde Austin appeals from the trial court's February 13 order overruling his motion to set aside the judgment. For the reasons set forth below, we reverse the trial court's judgment and remand for further proceedings.

{¶2} On August 14, 2018, plaintiff-appellee Oliver Baker brought an eviction action against Austin. In his complaint, Baker sought a writ of eviction, damages for unpaid rent, and damages for waste and destruction of the premises. Austin filed an answer and a jury demand on August 24, 2018. The trial court scheduled the cause for a jury trial on February 4, 2019, at 10:00 a.m.

{¶3} Austin failed to appear at the February 4 trial. Austin alleges that his failure to appear was due to a conflicting hearing in the Hamilton County Court of Common Pleas, Domestic Relations Division. According to the "Order Overruling Motion to Set Aside Judgment," the trial court "waited until after 11:00 A.M. and [Austin] appeared sometime after default judgment was rendered." Austin filed a motion to set aside the judgment later that same day.

{¶4} The matter was then set for a default-judgment hearing four days later, on February 8, 2019. Following the presentation of evidence, the trial court entered a default judgment against Austin. On February 12, 2019, Austin filed a premature notice of appeal from the trial court's order overruling his motion to set aside the default judgment. The following day, the trial court entered its "Order Overruling Motion to Set Aside Judgment."

{¶5} On appeal, Austin raises five assignments of error.[1] In essence, Austin argues that the trial court erred in overruling his motion to set aside the judgment. We combine his assignments of error, and find that the trial court did err, although not for the reasons advanced by Austin. For the following reasons, Austin's assignments of error are sustained.

{¶6} Pursuant to Civ.R. 55(A), a plaintiff may seek a default judgment against a party who has "failed to plead or otherwise defend." "A default arises only when a party has failed to contest the allegations raised in the complaint." *In re Crabtree*, 1st Dist. Hamilton No. C-010290, 2002 WL 397736, *2 (Mar. 15, 2002); *see Bohem, Kurtz & Lowry v. Evans Landscaping, Inc.*, 1st Dist. Hamilton No. C-140597, 2015-Ohio-2692, ¶ 6. Therefore, no default can occur when a party has filed a responsive pleading. *Ohio Valley Radiology Assoc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 123, 502 N.E.2d 599 (1986). Consequently, a court cannot enter a default judgment against a party who has filed an answer but failed to appear for trial. *Id.*

{¶7} "The proper action for a court to take when a defending party who has pleaded fails to appear for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." *Bohem, Kurtz & Lowry* at ¶ 6, quoting *Office of Disciplinary Counsel v. Jackson,* 81 Ohio St.3d 308, 311, 691 N.E.2d 262 (1998). A judgment based upon an ex parte trial is considered a judgment after trial pursuant to Civ.R. 58, not a default judgment under Civ.R. 55. *In re Crabtree* at *2.

{¶8} In *In re Crabtree*, the trial court entered a default judgment against a defendant-mother who had filed an answer but failed to appear at the child-support

---

[1] On September 24, 2019, Baker's counsel filed a suggestion of death indicating that Baker died on August 7, 2019, while this appeal was pending. No motion for substitution of a personal representative has been filed. If there is no representative, then the proceedings shall be had as the court of appeals may direct. *See* App.R. 29(A). Despite the suggestion of death, we direct that this appeal proceed and be determined as if Baker was not deceased.

hearing. This court, citing *Ohio Valley Radiology Assoc.*, found that no default had occurred and that the trial court could not enter a default judgment against the mother. However, because the plaintiff-father proved the essential elements of his claim at the default-judgment hearing, this court chose to construe the hearing as an ex parte trial. Accordingly, this court evaluated the trial court's judgment under Civ.R. 58, rather than Civ.R. 55.

{¶9} In this case, Austin filed an answer on August 24, 2018. Therefore, Austin timely filed a responsive pleading and no default occurred. Although referred to as such, the judgment entered by the trial court on February 8, 2019, was not a default judgment pursuant to Civ.R. 55, it was a judgment after an ex parte trial at which the court considered evidence.

{¶10} Because no default occurred, the trial court was not required to give seven days' written notice to Austin before proceeding with an ex parte trial. *Ohio Valley Radiology Assoc.*, 28 Ohio St.3d at 123, 502 N.E.2d 599. Instead, the court was required to give only "reasonable notice" of the trial date. *Id.* (holding that the failure to give reasonable notice violates the constitutional guarantee of due process of law). Reasonable notice is determined on a case-by-case basis. At the very least, notice must be " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 124-25, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where actual notice is not provided, constructive notice by way of entry of a trial date on the court's docket is sufficient. *Id.* at 124.

{¶11} It is unclear what form of notice the trial court used to inform Austin of the February 8 hearing date. The court's docket, on February 8, 2019, reflects both an order scheduling the hearing for February 8, 2019, and the judgment against Austin.

4

The order indicates that notice of the hearing was sent to Austin by ordinary mail on February 7, 2019. Austin specifically refuted having received notice. Under these circumstances, we cannot conclude that Austin received actual notice or reasonable, constructive notice of the February 8 trial date.

{¶12} After a review of the record, we find that the trial court entered judgment after an ex parte trial which was conducted without reasonable notice to Austin. The judgment, therefore, violated Austin's right to due process of law and should have been set aside on that basis. We accordingly reverse the trial court's order overruling Austin's motion to set aside the judgment, remand the cause for a new trial, and instruct the court, on remand, to set aside the February 8 judgment.

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.