[Cite as *H3RE, L.L.C. v. Anderson*, 2020-Ohio-4974.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| H3RE, LLC, | : | APPEAL NO. C-190711 |
| | | TRIAL NO. 19CV15561 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JEREMY ANDERSON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 21, 2020

*David D. Donnett*, for Plaintiff-Appellee,

*O'Connor & Mikita, LLC*, and *Michael J. O'Connor*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Jeremy Anderson appeals the trial court's entry granting judgment in favor of plaintiff-appellee H3RE, LLC, ("H3RE") on both its claim for back rent against Anderson and on counterclaims asserted by Anderson.

{¶2} Anderson argues that during the proceedings below he was deprived of due process and denied an opportunity to be heard and present evidence. Finding his argument to be without merit, we affirm the trial court's judgment.

### *Procedural Background*

{¶3} H3RE filed a complaint against Anderson in the municipal court. The complaint asserted that H3RE owned floor two of the premises at 3836/3838 West Eighth Street, and that Anderson was a tenant of the premises. The complaint asserted a claim for forcible entry and detainer, which sought recovery of the premises, and a claim for back rent and damages to the premises.

{¶4} On July 11, 2019, a magistrate issued a decision granting H3RE restitution of the premises and continuing the remaining claim for damages for the filing of an answer or default judgment.

{¶5} Anderson filed an answer, contending that he had worked for H3RE in exchange for rental of the premises. Anderson raised counterclaims asserting that H3RE owed him wages that he had earned exceeding the amount of rent due as well as monetary damages for lost property, tools, and equipment.

{¶6} On September 19, 2019, the magistrate issued an entry continuing the matter, at H3RE's request, until October 25, 2019. The entry reflected that Anderson was present when the continuance was granted. Anderson failed to appear for the

October 25th trial. Following the trial, the magistrate issued an award of $15,000 to H3RE on its claim for back rent, and she ruled in favor of H3RE on Anderson's counterclaims.

{¶7} Anderson filed a motion to set aside the magistrate's decision, arguing that he had arrived late to court on the date of the trial. The trial court denied Anderson's motion and entered judgment for H3RE.

### *Due Process*

{¶8} In a single assignment of error, Anderson argues that he was denied an opportunity to be heard and present evidence, resulting in a deprivation of his right to due process. He contends that, "notwithstanding the fact he was present at the time the trial was scheduled," the testimony and evidence considered by the magistrate was presented solely by H3RE as a result of "Court personnel indicating that the trial [was] not to be conducted at the time and place it was scheduled."

{¶9} Anderson filed an answer in this case, but either failed to appear or appeared late for trial. In such a situation, where a defending party has pled but failed to appear, the trial court should require the party seeking relief to proceed ex parte in the absence of her or his opponent. *Baker v. Austin*, 1st Dist. Hamilton No. C-190139, 2019-Ohio-5261, ¶ 7. The trial court did so in this case. We note that Anderson failed to file a transcript of the trial that occurred below, so we must presume regularity in our review of those proceedings. *Hyde Park Circle, LLC, v. Cincinnati*, 2016-Ohio-3130, 66 N.E.3d 99, ¶ 32 (1st Dist.).

{¶10} The trial court was required to give "reasonable notice" of the trial date to Anderson before proceeding with an ex parte trial. *Baker* at ¶ 10. Reasonable notice is determined on a case-by-case basis. *Id.* Notice will be deemed reasonable

where, under all circumstances, it is "reasonably calculated" to notify parties of the pending action and give them an opportunity to appear. *Id.* "Where actual notice is not provided, constructive notice by way of entry of a trial date on the court's docket is sufficient." *Id.*

{¶11} Following our review of the record, we find that Anderson had reasonable notice of the trial date. The entry of continuance issued on September 19, 2019, indicated that Anderson was present when the magistrate continued the matter to October 25, 2019. And Anderson acknowledged in his motion to set aside the magistrate's decision that he had notice of the trial date and time, as he argued in that motion that he arrived late for the trial on the scheduled date.

{¶12} Despite having reasonable notice of the trial date, Anderson failed to appear. Under these circumstances, we hold that Anderson was not denied an opportunity to present evidence or deprived of his right to due process.

{¶13} Anderson's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

4